Filed 6/5/20

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTEMIS WHALUM,<br><br>    Defendant and Appellant. | D076384<br><br><br>(Super. Ct. No. JCF33890) |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Judge. Remanded with instructions to correct abstract of judgment, and in all other respects affirmed.

Kenneth J. Vandevelde, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

Artemis Whalum, who is serving a prison sentence for possessing cannabis in a correctional institution in violation of Penal Code section 4573.8, appeals from the trial court's denial of his petition to dismiss and recall his sentence. Whalum's petition was based on the fact that, after his conviction, the voters adopted Proposition 64, making it legal for persons at least 21 years of age to possess up to 28.5 grams of cannabis except in specifically identified circumstances, and giving persons currently serving a sentence for a cannabis-related crime that is no longer an offense after Proposition 64, the ability to petition for relief in the form of recall or dismissal of their sentence. (Prop. 64, § 4.4, approved Nov. 8, 2016; Health & Saf. Code, § 11361.8, subd. (a).)[1]

We conclude that the crime of possessing unauthorized cannabis in prison in violation of Penal Code section 4573.8 was not affected by Proposition 64. Accordingly, the trial court properly determined that Whalum was not entitled to relief. We therefore affirm the order denying Whalum's petition.

In reviewing the record we noted a clerical error in the abstract of judgment, which erroneously states that Whalum's sentence for his conviction under Penal Code section 4573.8 is to run *concurrently with,* rather than *consecutively to*, the sentence he was already serving. We therefore remand with instructions that the trial court correct

---

[1]     Unless otherwise indicated, all further statutory references are to the Health and Safety Code.

        In 2017, the Legislature replaced all references to "marijuana" in the Health and Safety Code with the term "cannabis." (Stats. 2017, ch. 27, §§ 113-160.) Thus, although Proposition 64 used the term "marijuana," we refer to the amended terminology "cannabis" throughout this opinion for all purposes.

2

the error and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2014, an indictment accused Whalum of possessing an illegal substance in prison in violation of Penal Code section 4573.6, along with alleging prior convictions, including one prior strike. The indictment was based on Whalum's possession of 0.4 grams of cannabis in his prison cell in Centinela State Prison on September 18, 2013.

On August 11, 2015, Whalum pled no contest to unauthorized possession of drugs in prison in violation of Penal Code section 4573.8 and admitted a prior strike. The trial court imposed a sentence of two years, eight months, to run consecutive to the time he was currently serving in prison.[2]

On July 19, 2019, the public defender, on behalf of Whalum, filed a petition to dismiss and recall Whalum's sentence based on the electorate's adoption of Proposition 64 in 2016, which enacted laws legalizing the possession of up to 28.5 grams of adult cannabis except in specifically identified circumstances. Whalum's petition relied on section 11361.8, subdivision (a), which states that "[a] person currently serving

---

[2]     The abstract of judgment states that the sentence would be served concurrently to the time already being served in prison. At the oral pronouncement of sentence, the trial court imposed a consecutive sentence, and a consecutive sentence was also agreed to in the plea agreement.

3

a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under [the law enacted by Proposition 64] had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal . . . ."

At a hearing held August 20, 2019, the trial court denied the petition, concluding that it was persuaded by the First District's opinion in *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*). *Perry* held that in enacting Proposition 64 the voters did not intend to affect statutes making it a felony to possess cannabis in a correctional institution. (*Id*. at p. 890 ["Proposition 64 did not affect existing prohibitions against the possession of [cannabis] *in prison*."].)

The trial court granted Whalum's request for a certificate of probable cause, and Whalum filed an appeal from the order denying his petition.

II.

DISCUSSION

The issue of whether Proposition 64 affected the existing prohibitions against the possession of cannabis in a correctional institution is currently pending before our Supreme Court. Specifically based on a disagreement between the First District in *Perry*, *supra*, 32 Cal.App.5th 885 and the Third District in *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*), our Supreme Court granted review in *Raybon* to resolve the issue. (*People v. Raybon*, review granted Aug. 21, 2019, S256978.) As we will explain,

4

we agree with *Perry* that Proposition 64 did not affect laws specifically directed at criminalizing the possession of cannabis as contraband in a correctional institution.

A.      *Relevant Statutory Provisions*

We begin with the relevant statutory provisions.

1.      *Statutes Criminalizing Cannabis Possession in Correctional Institutions*

Two different statutes make it illegal to possess cannabis in a correctional institution, with the difference being that one of the statutes applies to *all* drugs and alcohol (Pen. Code, § 4573.8) and the other applies only to controlled substances, the possession of which is prohibited under Division 10 of the Health and Safety Code (Pen. Code, § 4573.6).  As cannabis is a drug *and* a controlled substance regulated in Division 10 of the Health and Safety Code (§§ 11007, 11054, subd. (d)(13), 11357), both statutes have been used to convict prisoners who possesses cannabis.

Specifically, Penal Code section 4573.6, subdivision (a), which applies only to controlled substances, provides in pertinent part:  "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code, . . . without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison . . . or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison . . . is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."  The defendants in *Raybon* and *Perry* were convicted under this statute (*Perry*, *supra*, 32 Cal.App.5th at p. 888; *Raybon*, *supra*, 36 Cal.App.5th at p. 113),

5

and in our case, the indictment originally charged Whalum with a violation of this provision.

Penal Code section 4573.8, which applies to *all* drugs and alcohol, provides in relevant part: "Any person who knowingly has in his or her possession in any state prison . . . drugs in any manner, shape, form, dispenser, or container, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming drugs, or alcoholic beverages, without being authorized to possess the same by rules of the Department of Corrections, rules of the prison or jail, institution, camp, farm, or place, or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, . . . is guilty of a felony." (Pen. Code, § 4573.8.)[3] Whalum pled no contest to a violation of this statute.

We are unaware of any statute that explicitly states that it is a crime to use cannabis in prison. Instead, as case law has observed, although "[o]bviously, the ultimate evil with which the Legislature was concerned was drug use by prisoners," the Legislature " 'chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug paraphernalia in prisons and jails.' " (*People v. Harris* (2006) 145 Cal.App.4th 1456, 1461 (*Harris*), quoting *People v. Gutierrez* (1997) 52 Cal.App.4th 380, 386.) Accordingly, the Legislature enacted specific laws criminalizing the act of possessing drugs and drug paraphernalia in prison (Pen. Code, §§ 4573.6, 4573.8), and the acts of selling, furnishing or smuggling such items in prison (*id*., §§ 4573, 4573.5,

---

[3]     The term "drug" is defined broadly in Health & Safety Code section 11014.

4573.9). As our Supreme Court has observed, the laws making it a crime to possess, smuggle, sell and furnish drugs in prison "flow from the assumption that drugs, weapons, and other contraband promote disruptive and violent acts in custody, including gang involvement in the drug trade. Hence, these provisions are viewed as ' "prophylactic" ' measures that attack the ' "very presence" ' of such items in the penal system." (*People v. Low* (2010) 49 Cal.4th 372, 388.)

2.    *Proposition 64*

In the November 8, 2016 election, the voters adopted Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act. (Prop. 64, § 1, approved by voters, Gen. Elec. (Nov. 8, 2016).) Among other things, the act included a provision legalizing certain activity involving 28.5 grams or less of cannabis by persons 21 years of age or older. (§ 11362.1, added by Prop. 64, § 4.4.) As relevant here that provision states,

> "(a) Subject to Sections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to:

> "(1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis;

> [¶] . . . [¶]

> "(4) Smoke or ingest cannabis or cannabis products[.]" (§ 11362.1.)

The phrase "notwithstanding any other provision of law," which appears in section 11362.1, subdivision (a), is commonly used to signal that "the Legislature intends for a statute to prevail over all contrary law." (*In re Greg F.* (2012) 55 Cal.4th 393, 406.)

7

Accordingly, the preemptive effect of section 11362.1, subdivision (a) is clear: its provisions prevail over all contrary laws prohibiting the activities that it legalizes, *except* as "[s]ubject to Sections 11362.2, 11362.3, 11362.4, and 11362.45."

The exceptions set forth in sections 11362.2, 11362.3, 11362.4, and 11362.45 specify the extent to which certain activities related to cannabis remain subject to legal regulation.[4]  As particularly relevant here, section 11362.45 lists certain laws that "[s]ection 11362.1 does not amend, repeal, affect, restrict, or preempt."  The laws that are carved out from Proposition 64's legalization of adult cannabis include "[l]aws making it unlawful to drive or operate a vehicle, boat, vessel, or aircraft, while smoking, ingesting, or impaired by, cannabis or cannabis products" (§ 11362.45, subd. (a)); "laws prohibiting the sale, administering, furnishing, or giving away" of cannabis to a person under 21 years of age (§ 11362.45, subd. (b)); "[l]aws prohibiting a person younger than 21 years of age from engaging in any of the actions or conduct otherwise permitted under Section 11362.1" (§ 11362.45, subd. (c)); and (e) "[l]aws providing that it would constitute negligence or professional malpractice to undertake any task while impaired from smoking or ingesting cannabis or cannabis products." (§ 11362.45, subd. (e).)  The

---

[4]    Section 11362.2 contains certain restrictions on the personal cultivation of cannabis.  Section 11362.3 contains restrictions on the places where cannabis may be smoked and ingested, restrictions on possessing an open container of cannabis while driving, and regulation of a specific method of manufacturing concentrated cannabis. Section 11362.4 provides the penalties that apply for violation of sections 11362.2 and 11362.3.

carve-out specifically applicable in this case appears in subdivision (d) of section 11362.45:

"Section 11362.1 does not amend, repeal, affect, restrict, or preempt:

[¶] . . . [¶]

"(d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code."[5]  (§ 11362.45.)

This carve-out language is the only reference in the text of Proposition 64 as to how adult cannabis legalization was intended to affect criminal laws concerning the regulation of cannabis in correctional institutions.  Further, except for the inclusion of the statutory language of section 11362.45, subdivision (d) in the Official Voter Information Guide for the November 8, 2016 election (Voter Guide), the electorate was provided with no additional information about the existing laws prohibiting the possession of cannabis in correctional institutions or how Proposition 64 would impact those laws.[6]  (*Perry*, *supra*, 32 Cal.App.5th at p. 895 [summarizing the contents of the Voter's Guide by

---

[5]     Penal Code section 4573 contains a broad description of numerous types of correctional institutions, namely, "any state prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any other place where prisoners of the state are located under the custody of prison officials, officers or employees, or . . . any county, city and county, or city jail, road camp, farm or other place where prisoners or inmates are located under custody of any sheriff, chief of police, peace officer, probation officer or employees."  (Pen. Code, § 4573.)

[6]     The Voter Guide is available at <https://vig.cdn.sos.ca.gov/2016/general/en/pdf/complete-vig.pdf> [as of June 5, 2020].

stating that the only mention of the "potential impact of the measure on cannabis in correctional institutions" was "in the text of the measure itself."].)

Proposition 64 also enacted the provision that Whalum relied upon in filing his petition. Specifically, "A person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal . . . ." (§ 11361.8, subd. (a).)

Whalum contends that he should be granted relief under this provision. According to Whalum, because Proposition 64 legalized adult possession of up to 28.5 grams of cannabis except in specifically identified circumstances, it is no longer a crime under Penal Code section 4573.8 to possess a drug in a correctional institution if that drug is cannabis. Further, although Whalum acknowledges that section 11362.45, subdivision (d) states that Proposition 64 did not affect "[l]aws pertaining to smoking or ingesting cannabis or cannabis products" in a correctional institution, he contends that this carve-out does not save laws criminalizing possession of cannabis in such a setting because it refers only to *smoking or ingesting*, not *possession*.

Whether Whalum's conviction rendered him eligible for relief under section 11361.8, subdivision (a), presents a question of statutory interpretation, which we review de novo. (*People v. Medina* (2018) 24 Cal.App.5th 61, 66.)

10

B.  *The Case Law Applying Proposition 64 to Laws Criminalizing the Possession of Cannabis in Correctional Institutions*

*Perry* and *Raybon* both considered whether Proposition 64 affected the crime of possessing cannabis in a correctional institution in violation of Penal Code section 4573.6 and reached different conclusions:  *Perry* concluded that the crime of possessing cannabis in violation of Penal Code section 4573.6 survived Proposition 64.  (*Perry*, *supra*, 32 Cal.App.5th at p. 887.)  *Raybon* concluded it did not.  (*Raybon*, *supra*, 36 Cal.App.5th at p. 126.)

Some of the analysis in *Perry* and *Raybon* is uniquely applicable to the crime of possessing a controlled substance in violation of Penal Code section 4573.6, which was the crime for which the *Perry* and *Raybon* defendants were convicted.  (*Perry*, *supra*, 32 Cal.App.5th at p. 888; *Raybon*, *supra*, 36 Cal.App.5th at p. 113.)  Specifically, because that provision applies only to the "any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code" (Pen. Code, § 4573.6, subd. (a)), *Perry* and *Raybon* both focused a significant part of their discussion on the extent to which, after Proposition 64, the possession of cannabis is prohibited under Division 10 of the Health and Safety Code as a controlled substance. (*Perry*, at pp. 893-894, 896 & fn. 10; *Raybon*, at pp. 116-121, 125-126.)[7]  That

---

[7]  Specifically, Proposition 64 amended the crime of possession of cannabis in Division 10 of the Health and Safety Code insofar as it amended section 11357 to eliminate the penalty for the simple possession of not more than 28.5 grams of cannabis, or not more than eight grams of concentrated cannabis, by a person 21 years of age or older.  (§ 11357, as amended by Prop. 64, § 8.1.)  The possession of cannabis remained an infraction for adults under the age of 21 and for juveniles under the age of 18.

11

discussion is not pertinent to the issue presented in this case, however, as Whalum was not convicted of possessing *a controlled substance* in a correctional institution in violation of Penal Code section 4573.6. Instead, Whalum was convicted of violating Penal Code section 4573.8. That provision makes it a crime to possess *any drug* in a correctional institution unless otherwise authorized by prison authorities, regardless of whether the drug is a controlled substance that a person is prohibited from possessing under Division 10 of the Health and Safety Code. We therefore need not, and do not, weigh in on the issues unique to the impact of Proposition 64 on Penal Code section 4573.6.

However, both *Perry* and *Raybon* also discussed an issue that directly applies in this case. Specifically, both addressed the carve-out in section 11362.45, subdivision (d), which states that Proposition 64 did not affect "[l]aws pertaining to smoking or ingesting cannabis or cannabis products" in a correctional institution. *Raybon* concluded that the carve-out did not apply to a law that criminalizes the *possession* of cannabis in a correctional institution, because the plain language of the statute refers solely to "smoking and ingesting." (*Raybon*, *supra*, 36 Cal.App.5th at pp. 121-122.) *Perry*, however, interpreted the carve-out as sufficiently broad to cover possession of cannabis in a correctional institution because it uses the term "pertaining to." (*Perry*, *supra*, 32

---

(§ 11357, subds. (a)(1), (2), as amended by Prop. 64, § 8.1.) It also remained a crime to possess cannabis "upon the grounds of, or within, any school providing instruction in kindergarten or any of grades 1 to 12, inclusive, during hours the school is open for classes or school-related programs." (§ 11357, subds. (c), (d); see also § 11362.3, subd. (a)(5).)

Cal.App.5th at p. 891.)  Accordingly, *Perry* concluded that Proposition 64's carve-out in section 11362.45, subdivision (d) was written "in extremely broad terms," which encompassed a law that criminalizes the *possession* of cannabis in a correctional institution.  (*Perry*, at pp. 892-893.)

As we will explain, we agree with *Perry*'s analysis regarding the scope of the carve-out in section 11362.45, subdivision (d), and we accordingly conclude that Proposition 64 does not affect laws, including Penal Code section 4573.8, which make it a crime to possess cannabis in a correctional institution.

C.    *The Carve-Out in Section 11362.45, Subdivision (d) Encompasses Laws Making it a Crime to Possess Cannabis in a Correctional Institution*

1.    *Rules of Statutory Interpretation*

" '[I]n interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.  . . .  Thus, "we turn first to the language of the [initiative], giving the words their ordinary meaning."  . . .  The [initiative's] language must also be construed in the context of the statute as a whole and the [initiative's] overall . . . scheme.'  . . .  'Absent ambiguity, we presume that the voters intend the meaning apparent on the face of an initiative measure . . . and the court may not add to the statute or rewrite it to conform to an assumed intent that is not apparent in its language.'  . . .  Where there is ambiguity in the language of the measure, '[b]allot summaries and arguments may be considered when determining the voters' intent and understanding of a ballot measure.' " (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037, citations omitted.)  " 'We cannot presume that . . . the voters intended the initiative

13

to effect a change in law that was not expressed or strongly implied in either the text of the initiative or the analyses and arguments in the official ballot pamphlet.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 364 (*Valencia*).)

    2.    *Interpretation of the Relevant Statutory Language*

We turn first to the language of the applicable provision, which carves out "[l]aws *pertaining to* smoking or ingesting cannabis" in correctional institutions from Proposition 64's legalization of adult cannabis. (§ 11362.45, subd. (d), italics added.)

Focusing on the dictionary definition of the word "pertain," *Perry* concluded that the phrase "pertaining to" has "wide reach." (*Perry*, *supra*, 32 Cal.App.5th at p. 891.) We agree. Black's Law Dictionary defines "pertain" as "[t]o relate directly to; to concern or have to do with." (Black's Law Dictionary (11th ed. 2019).) The most applicable definition in Webster's Third New International Dictionary is "to have some connection with or relation to something: have reference: relate. (Webster's 3d New Internat. Dict. (2002) p. 1688, col. 1), and Merriam Webster's online dictionary similarly contains the definition "to have reference" (<https://merriam-webster.com/dictionary/pertain> [as of June 5, 2020]). Dictionary.com defines pertain as "to have reference or relation; relate" (<https://dictionary.com/browse/pertains?=1> [as of June 5, 2020].) The most applicable definition of pertain in the Oxford English Dictionary is "[t]o relate *to*; to refer *to*." (<https://www.oed.com/view/Entry/141585?redirectedFrom=pertain#eid> [as of June 5, 2020].) Yet another dictionary defines "pertain to something" as "to relate to or have a connection with something." (Cambridge Dict. <https://<dictionary.cambridge

14

.org/us/dictionary/english/pertain to something> [as of June 5, 2020].) All of these definitions demonstrate that "pertaining to" has a definition similar to the phrase "relating to." The phrase is plainly meant to refer to a *relation* between two things rather than an *exact correspondence*.

The role of the phrase "pertaining to" in section 11362.45, subdivision (d) as signaling a *relation* rather than an *exact correspondence* is highlighted by the different statutory language in other subdivisions of section 11362.45. Several of those subdivisions identify carve-outs for laws "prohibiting" or "making unlawful" certain conduct. Specifically, those subdivisions refers to "[l]aws *making it unlawful* to drive or operate a vehicle, boat, vessel, or aircraft, while smoking, ingesting, or impaired by, cannabis or cannabis products" (§ 11362.45, subd. (a), italics added), "[l]aws *prohibiting* the sale, administering, furnishing, or giving away" of cannabis to a person under 21 years of age (§ 11362.45, subd. (b), italics added), and "[l]aws *prohibiting* a person younger than 21 years of age from engaging in any of the actions or conduct otherwise permitted under Section 11362.1" (§ 11362.45, subd. (c), italics added). In section 11362.45, subdivision (d) the drafters of Proposition 64 easily could have, but did not, use the phrase "laws *prohibiting* smoking or ingesting cannabis" in a correctional institution or "laws *making it unlawful* to smoke or ingest cannabis" in a correctional institution, which would have tracked the language in the three preceding carve-outs. Instead, section 11362.45, subdivision (d) uses the term "pertaining to," signaling an intent to broadly encompass laws that have only *a relation to* smoking or ingesting

15

cannabis in a correctional institution, rather than strictly limiting the carve-out to laws that "prohibit" or "make unlawful" the act of smoking or ingesting cannabis.

Because the phrase "pertaining to" signals a *relation to* something, we agree with *Perry* that laws prohibiting the possession of cannabis fall within the scope of the statutory carve-out for laws "pertaining to smoking or ingesting cannabis" in a correctional institution. (§ 11362.45, subd. (d).) As *Perry* observed, "[w]e would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Perry*, *supra*, 32 Cal.App.5th at p. 891.) Indeed, a person has to possess cannabis to smoke or ingest it. Further, as *Perry* explained, "In the context of possession in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting. For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?" (*Perry*, at p. 892.) Moreover, as we have pointed out, long before Proposition 64 was adopted, case law recognized that although "the ultimate evil with which the Legislature was concerned was drug use by prisoners," the Legislature " 'chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug paraphernalia in prisons and jails.' " (*Harris*, *supra*, 145 Cal.App.4th at p. 1461.) Thus, even though Penal Code section 4573.8 criminalizes *possession* rather than *use* of drugs in a correctional institution, it is nevertheless properly described as a

16

law "pertaining to smoking or ingesting cannabis" in such a setting, as it is part of

prophylactic approach to prevent prisoners from *using* drugs.[8]

Further, it is reasonable to understand the phrase "laws pertaining to smoking or

ingesting cannabis" in a correctional institution to encompass laws criminalizing the

*possession* of cannabis in such a setting because " '[t]he words of the statute must be

construed in context, . . . and statutes or statutory sections relating to the same subject

must be harmonized, both internally and with each other, to the extent possible."

(*Valencia*, *supra*, 3 Cal.5th at p. 358.)  The electorate is generally presumed to be aware

of existing laws when adopting an initiative.  (*People v. Orozco* (2020) 9 Cal.5th 111,

118.)  Thus, we presume the electorate understood that no statute existed at the time it

---

[8]     *Raybon* had a different view of the significance of the phrase "pertaining to" in
section 11362.45, subdivision (d).  As *Raybon* explained, "it stretches the imagination to
conclude that the drafters listed two distinct activities, 'smoking or ingesting,' intending to
include a third distinct activity, possession, by using the vague reference 'pertaining to.' "
(*Raybon*, *supra*, 36 Cal.App.5th at p. 121.)  As to why the drafters choose to use the
phrase "pertaining to" rather than simply "prohibiting," *Raybon* explained, "The purpose
of the language is to describe the vast array of means of consumption . . . .  We agree
with defendants that consumption can be achieved in ways not strictly involving smoking
or ingesting, such as inhaled as a non-burning vapor or applied topically such that it is
absorbed through the skin.  By including the language 'pertaining to smoking and
ingesting,' the drafters allowed for these various forms of consumption in prison to
remain unlawful." (*Raybon*, *supra*, 36 Cal.App.5th at p. 122.)  We do not find *Raybon*'s
explanation to be persuasive.  Because "pertaining to" means "relating to," someone
would not normally describe the topical application or vaporizing of cannabis as
"pertaining to" the smoking or ingesting of cannabis, as they are *different* ways of using
cannabis and therefore do not relate to one another.  In contrast, it does not strain the
meaning of "pertaining to" for someone to say that a law criminalizing the possession of
cannabis is a law "pertaining to" the smoking or ingestion of cannabis, as one has a
causal relationship to the other.  Specifically, it is necessary to possess cannabis in order
to smoke or ingest it, and cannabis is usually possessed in prison because someone wants
to use it.

adopted Proposition 64 that specifically made it a crime to *smoke or ingest cannabis* in a correctional institution. Instead, the Legislature took the prophylactic approach of enacting statutes criminalizing possession, smuggling and drug trafficking in correctional institutions. (*Harris, supra*, 145 Cal.App.4th at p. 1461.) If the carve-out for "laws pertaining to smoking or ingesting cannabis" in correctional institutions is to have any meaning at all in light of the preexisting statutory landscape, it must necessarily be intended as a carve-out of laws criminalizing the *possession* of cannabis in such a setting. When section 11362.45, subdivision (d) is construed as carving out only laws that criminalize *smoking or ingesting* cannabis in custodial institutions, it is an empty provision that does not serve to carve out *any* preexisting law from being "amend[ed], repeal[ed], affect[ed], restrict[ed], or preempt[ed]." (§ 11362.45.)

To support his contention that the phrase "laws pertaining to smoking or ingesting cannabis" in correctional institutions does not encompass laws making it a crime to possess cannabis in a correctional institution, Whalum relies on three principles of statutory interpretation. As we will explain, none of those principles persuade us to reach a different interpretation of section 11362.45, subdivision (d).

First, the principle of "[e]*xpressio unius est exclusio alterius* means that 'the expression of certain things in a statute necessarily involves exclusion of other things not expressed.' " (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391, fn. 13.) Whalum contends that because section 11362.45, subdivision (d) refers to "smoking or ingesting" but omits "possession," the statute must be read as *excluding* possession. *Perry* considered and rejected the same argument based on the

18

principle of *expressio unius est exclusio alterius.* "In our view, that interpretation is unwarranted because, as we have explained, the exception refers broadly to laws '*pertaining* to smoking or ingesting' cannabis in prison, which logically includes laws prohibiting possession in prison." (*Perry*, *supra*, 32 Cal.App.5th at p. 896, fn. 10.) We agree with *Perry*. By using the term "pertaining to," section 11362.45, subdivision (d) signals that the carve-out is not intended to be restricted *only* to laws criminalizing the two types of conduct listed in the statute, i.e., smoking and ingesting.

The next principle upon which Whalum relies is that "exceptions to a general rule of an enactment must be strictly construed." (*Howard Jarvis Taxpayers Ass'n v. City of Salinas* (2002) 98 Cal.App.4th 1351, 1358.) Whalum contends that this doctrine applies because the carve-out in section 11362.45, subdivision (d) "creates an exception to the general rule of legalization in section 11362.1." We do not believe that our interpretation of section 11362.45, subdivision (d) does any violence to this principle. Because the carve-out in section 11362.45, subdivision (d) uses the broad phrase "pertaining to," the statutory language does not require us to strictly construe the carve-out to apply *only* to laws criminalizing the act of smoking and ingesting cannabis.

Finally, Whalum points to the case law providing that "[w]hen language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstances of its application reasonably permit." (*People v. Overstreet* (1986) 42 Cal.3d 891, 896.) In our view, this principle does not require us to conclude that the carve-out in section 11362.45, subdivision (d) applies only to laws that criminalize smoking and

19

ingesting cannabis. Because the phrase "pertaining to" must be given its plain meaning of "relating to," we do not believe that the language in section 11362.45, subdivision (d) reasonably permits a statutory interpretation that strictly limits the carve-out to laws criminalizing smoking or ingesting cannabis.

As a last point, we note that to the extent we were to find any ambiguity in the meaning of section 11362.45, subdivision (d) and therefore resort to the Voter Guide to inform our statutory interpretation, we would agree with *Perry*'s observations on that subject. As *Perry* noted, apart from including the statutory language of section 11362.45, subdivision (d), the Voter Guide makes no mention whatsoever of how Proposition 64 is intended to affect laws pertaining to cannabis in correctional institutions. *Perry* concluded, "[t]hus, there is nothing in the ballot materials for Proposition 64 to suggest the voters were alerted to or aware of any potential impact of the measure on cannabis in correctional institutions, much less that the voters intended to alter existing proscriptions against the possession or use of cannabis in those institutions." (*Perry*, *supra*, 32 Cal.App.5th at p. 895.)

" 'We cannot presume that . . . the voters intended the initiative to effect a change in law that was not expressed or strongly implied in either the text of the initiative or the analyses and arguments in the official ballot pamphlet.' " (*Valencia*, *supra*, 3 Cal.5th at p. 364.) Here, because neither the text of Proposition 64, nor the Voter Guide, strongly implies an intent to affect the laws criminalizing the possession of cannabis in correctional institutions, we conclude that those laws remain in effect after the voters

20

adopted Proposition 64. Therefore, the trial court properly denied Whalum's petition because the law under which he was convicted was not affected by Proposition 64.

III.

CORRECTION OF CLERICAL ERROR IN ABSTRACT OF JUDGMENT

As we have explained, the trial court imposed a sentence of two years, eight months, to run *consecutive* to the time Whalum was currently serving in prison.

However, upon reviewing the record, we noted that the abstract of judgment erroneously states that Whalum's two year, eight month sentence would be served *concurrently* to the time already being served in prison. The abstract of judgment is accordingly contrary to the oral pronouncement of sentence, in which the trial court imposed a consecutive sentence, and to the terms of Whalum's plea agreement, which also specified a consecutive sentence. Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186 (*Mitchell*); *People v. Mesa* (1975) 14 Cal.3d 466, 471.)

"Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases [will order] correction of abstracts of judgment that [do] not accurately reflect the oral judgments of sentencing courts." (*Mitchell*, *supra*, 26 Cal.4th at p. 185.) We therefore direct the trial court to amend the abstract of judgment to indicate imposition of a consecutive sentence, not a concurrent sentence, which is to run consecutive to the sentence that Whalum was already serving at the time of the instant offense.

21

DISPOSITION

The trial court is directed to amend the abstract of judgment to reflect a consecutive sentence, not a concurrent sentence, of two years, eight months, and to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


IRION, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.